**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| KAREN DOSWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:15-CV-441 |
| vs. ) | |
| ) | |
| TANGLEWOOD TRACE AND ) | |
| MAXIM STAFFING ) | |
| SOLUTIONS, ) | |
| ) | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Appeal in Forma Pauperis, filed by Plaintiff, Karen Doswell, on September 10, 2016 (DE #52). For the reasons set forth below, the Motion (DE #52) is **DENIED.**

Doswell's notice of appeal indicates she is appealing three orders: this Court's opinion and order issued on July 12, 2016 (DE #47) which granted the motion to dismiss filed by Defendant, Maxim Staffing Solutions (DE #33) and the motion to dismiss filed by Defendants CW LLC, Tanglewood Trace (DE #35); the Magistrate Judge's order dated March 31, 2016 denying Doswell's motion to amend the complaint (DE #42); and the Magistrate Judge's denial of the motion to reconsider (DE #46).

In this case, Doswell indicates her issues on appeal are "whether libel and slander against me is protected by absolute

privilege or qualified privilege." (DE #52.) "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Doswell's claims were properly dismissed and the Magistrate properly denied the motion to amend. This Court already addressed the arguments Doswell sets forth in her appeal. The Court found that Indiana law recognizes an absolute privilege that protects relevant statements made in the course of judicial proceedings. *See Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008). Because the communication with the Indiana Department of Health was made in the course of a judicial or quasi-judicial proceeding, the Court found it was covered by an absolute privilege. In the present motion, Doswell does not raise any arguable basis for overturning the Court's dismissal of her case, and instead simply lists the issue she made previously during this case. This appeal is not taken in good faith because no "reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

For the reasons set forth above, the motion for leave to proceed in forma pauperis on appeal (DE #52) is **DENIED**.

**DATED: October 5, 2016**               /s/ RUDY LOZANO, Judge
                                         **United States District Court**

2